IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Mary Mallard Alonzeau, ) | |
| ) | C/A No. 0:06-2926-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| MICHAEL J. ASTRUE, ) | **O R D E R** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Mary Mallard Alonzeau filed her application for a period of disability and disability insurance benefits on September 26, 2001, with a protective filing date of August 31, 2001. (Tr. 66-69.) Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on December 13, 2002. The ALJ issued a decision dated January 24, 2003, in which he concluded that Plaintiff was not under a "disability" as defined in the Social Security Act. Accordingly, the ALJ determined that Plaintiff was not entitled to a period of disability or disability insurance benefits under Sections 216(I) and 223, respectively, of the Social Security Act. Plaintiff requested a review of the hearing decision, which was denied by the Appeals Council on May 1, 2003. (Tr. 6.)

Plaintiff then filed an action in the United States District Court for the District of South Carolina. On March 19, 2004, the Commissioner's decision was reversed and remanded for further

---

[1] As noted in the Magistrate Judge's Report and Recommendation, Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. As such, Michael J. Astrue is substituted for Commissioner JoAnne B. Barnhart as defendant in this suit. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

proceedings. The Commissioner was directed to assign the case to an ALJ for the purpose of determining the impact of obesity on Plaintiff's limitations, at all levels of the five step sequential evaluation.[2] (Tr. 259.) On remand, the ALJ held hearings on February 9, 2005 and June 29, 2005. On August 13, 2005, the ALJ issued a decision, finding Plaintiff was not entitled to a period of disability or disability insurance benefits under Sections 216(I) and 223, respectively, of the Social Security Act.

On November 23, 2005, after Plaintiff filed written exceptions to the ALJ's August 13, 2005 decision, the Appeals Council remanded the case to a different ALJ. (Tr. 311-18.) The Appeals Council directed that on remand, the ALJ was to give consideration to the examining and non-examining medical source opinions and explain whatever weight he would give to these opinions; provide rationale for his evaluation of Plaintiff's symptoms; provide rationale for his assessment of Plaintiff's limitation when evaluating Plaintiff's residual functional capacity; give further consideration to Plaintiff's obesity; and obtain supplemental evidence from a vocational expert to clarify the effect of assessed limitations on Plaintiff's occupational base. (Tr. 317-18.) A hearing was held before the ALJ on June 29, 2006. (Tr. 371.) On August 15, 2006, the ALJ issued a written order finding that the Plaintiff was not disabled under sections 216(I) and 223(d) of the Social

---

[2] The five step sequential process is set forth in 20 C.F.R. § 404.1520. It requires the ALJ to make the following determinations, in sequence: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents claimant from performing past relevant work." Reichenbach v. Heckler, 808 F.2d 309, 311 (4th Cir. 1985)(citing 20 C.F.R. § 404.1520). Once the claimant has successfully showed that his impairment prevents him from performing past relevant work, the burden shifts to the Commissioner on the fifth step, who must "show whether the claimant is able to perform other work considering his residual functional capacities and his age, education, and past work experience." Id.

Security Act and denying her claim. Plaintiff thereafter brought this action pursuant to 20 C.F.R. § 404.984.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On September 19, 2007, the Magistrate Judge filed a Report and Recommendation ("Report and Recommendation") in which he recommended that the decision of the Commissioner be affirmed. The Plaintiff filed objections to the Report and Recommendation on September 26, 2007.

The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Social Security Act provides, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically

3

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## DISCUSSION

Plaintiff was 44 years old at the time that she filed her application for a period of disability and disability insurance benefits. She has a high school education and has completed three years of college. (Tr. 82.) Her main type of past employment was as a school bus driver, although she has also worked as a receptionist and preparation cook. (Tr. 77.) She claims disability due to lower back and left leg pain arising out of a school bus accident on March 14, 2001. (Tr. 32, 76, 374-75.) Plaintiff asserts four reasons for why the Commissioner's decision should be reversed. The court will review each of Plaintiff's contentions in turn.

### A.

Plaintiff's first contention is that the ALJ failed to properly consider Plaintiff's obesity past step two of the five step evaluation process as required by Social Security Ruling 02-01p. Specifically, Plaintiff contends that the ALJ failed to consider the impact of obesity on her other impairments when the ALJ considered whether the Plaintiff had an impairment or combination of impairments that met a listing and when determining Plaintiff's residual functional capacity ("RFC"). Plaintiff acknowledges that at step two, the ALJ found she suffered from several "severe"

4

impairments, including obesity, degenerative disc disease, degenerative joint disease, and low back pain.

As noted herein, the role of the federal judiciary in reviewing decisions made under the Social Security Act is limited. See 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock, 483 F.2d at 775. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." Green v. Chater, 1995 U.S. App. LEXIS 21970, *7 (4th Cir. 1995)(citing Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986)). When dealing with a claimant with more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)(citations omitted). This requires the ALJ to "adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50 (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985)).

In Walker, the Fourth Circuit remanded plaintiff's claim because the ALJ failed to adequately consider and explain his evaluation of the combined effects of the claimant's impairments. See Walker, 889 F.2d at 49-50. The ALJ found that the claimant suffered from several ailments and noted the effect or non-effect of each impairment separately. See id. The ALJ found that "the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4." Walker, 889 F.2d at 49. The Fourth Circuit held that the ALJ failed to adequately consider and explain his finding because he did not analyze or explain his evaluation of the cumulative effect of the claimant's impairments. See Id. at 49-50.

5

Similarly, the ALJ in this action failed to adequately explain his evaluation of the combined effects of Plaintiff's impairments, particularly with respect to his determination of whether the Plaintiff's impairments or combination of impairments met a listing. As in Walker, the ALJ in this action found that Plaintiff suffers from several severe impairments, including obesity. (Tr. 219.) The ALJ also found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (See id.) After setting forth his finding that the claimant had no impairment or combination of impairments that meets or medically equals one of the listed impairments, the ALJ set forth the requirements of Social Security Ruling 02-01p and the elements required to meet section 1.04 of the Listing of Impairments. Then, he summarily states, "I do not find credible medical evidence to show that this claimant's back disorder meets all the requirements of the listing." (Tr. 219.)

The ALJ gives no indication of whether he considered the cumulative effect of Plaintiff's impairments. Even if one could infer that the ALJ considered the effect of obesity combined with Plaintiff's other impairments or the cumulative effect of all of Plaintiff's impairments from the ALJ's listing of various medical observations in his analysis of the Plaintiff's RFC, the ALJ failed to adequately explain his evaluation of any cumulative effects. As such, Plaintiff's claim should be remanded to the Commissioner for proper explanation of the ALJ's evaluation of the combined effect of Plaintiff's impairments with respect to whether Plaintiff's impairments meet a listing. See Walker, 889 F.2d at 50.

### B.

Plaintiff's second contention is that the ALJ's listing determination was flawed because it was conclusory and did not explain how the ALJ reached his finding that Plaintiff's back impairment

6

did not meet Listing 1.04. Plaintiff further contends the determination is flawed because the ALJ did not compare the listing criteria with the evidence of Plaintiff's symptoms. The court agrees.

As noted herein, in order for a reviewing court to determine whether there is substantial evidence to support an ALJ's decision, the ALJ should provide his or her reasons for making that decision. See Green, 1995 U.S. App. LEXIS 21970 at *7 (citing Cook, 783 F.2d at 1172). When explaining his listing determination, an ALJ should first identify the relevant listed impairments. See Cook, 783 F.3d at 1173. Then, the ALJ should compare the listed criteria with the claimant's symptoms. See id.

In this matter, the ALJ set forth the criteria for meeting Listing 1.04, but did not provide a sufficient comparison of the listing criteria with the evidence of Plaintiff's symptoms. (See Tr. 219.) After setting forth the criteria for meeting Listing 1.04, the ALJ simply stated that he did not find "credible medical evidence to show that this claimant's back disorder meets all the requirements of the listing." (Tr. 219.) Without a comparison of the listing criteria to Plaintiff's symptoms, the court is unable to determine whether there is substantial evidence that supports the ALJ's determination. See Cook, 783 F.3d at 1173. As such, Plaintiff's claim is remanded for proper explanation of the ALJ's listing determination.

## C.

As discussed herein, the court is unable to review the ALJ's finding at step three regarding whether one of Plaintiff's impairments or combination of impairments meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. When a claimant's impairment or combination of impairments meets or equals one of the listed impairments in Appendix 1, the claimant is deemed disabled and no further analysis is required. See 20 C.F.R. §

404.1520(4)(iii). Plaintiff's third and fourth contentions relate to the ALJ's analysis at steps four and five of the five step sequential process. As such, the court refrains from reviewing these contentions at this time.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court declines to adopt the Magistrate Judge's Report and Recommendation. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), it is ORDERED that the Commissioner's decision to deny benefits be **reversed** and that the case be **remanded** to the Commissioner for further administrative action as set out herein.

IT IS SO ORDERED.

          s/ Margaret B. Seymour
          Margaret B. Seymour
          United States District Judge

Columbia, South Carolina
February 1, 2008